IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN D. BLACK, | : |
| Plaintiff, | : |
| v. | : Civ. No. 14-214-RGA |
| ROBERT COUPE, et al., | : |
| Defendants. | : |

Jonathan D. Black, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 29, 2014
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Jonathan D. Black, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(a).

Plaintiff suffers from several medical conditions. He alleges that he is in constant pain due to Defendants' deliberate indifference to his serious medical needs. He also alleges unlawful conditions of confinement. More particularly, Plaintiff alleges overcrowding, the failure to provide shoes or long underwear, disciplinary punishment for the possession of medical materials, and interference with medical treatment. Plaintiff seeks injunctive relief to compel defendants to: (1) furnish him with constitutionally adequate medical care; (2) furnish him with shoes (instead of sneakers), (3) halt corrections staff from interfering with medical orders under the guise of security; and (4) halt cell searches that result in trashing the cell and destroying personal property. Plaintiff seeks class action status and requests counsel. In addition, he seeks declaratory relief and compensatory and punitive damages.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.

*See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the

complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Complaint contains numerous pleading defects. For example, the complaint does not indicate when, where, or specifically who, allegedly violated Plaintiff's constitutional rights. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)).

In addition, it appears from the description of Defendants Robert Coupe, Vincent Carr, James Welch, David Pierce, James Scarbrough, Dr. Laurie Spraga, Ralph Bailey, and Jeanieu Mosely that they are named as defendants based upon their supervisory positions. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.[1] *See Iqbal*, 556 U.S. at 676; *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v.*

---

[1] In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See* 556 U.S. at 669. The Supreme Court found the allegations facially insufficient. *See id.* at 676 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888), for proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

*Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[2] See *Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

In the present case, other than generalized statements, Plaintiff does not associate any of his allegations with the foregoing Defendants and Plaintiff provides no facts to support a claim against them.

With regard to Defendant Shannon L. Corbette, Plaintiff alleges that she cited him for illegal possession of health related objects that were prescribed by medical providers. To the extent Plaintiff alleges that disciplinary reports were false, they will be dismissed because "mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a [constitutional] claim." *Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002); *Thomas v. McCoy*, 467 F. App'x 94, 96 (3d Cir.), *cert. denied*, 132 S.Ct. 2752 (2012).

It appears plausible that Plaintiff may be able to articulate a claim against the defendants (or name alternative defendants). Therefore, Plaintiff will be given an opportunity to amend his pleading. See *O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007).

---

[2] In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. See *Bayer v. Monroe County Children & Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009).

4

For the above reasons, the Complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.