IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN D. BLACK, | : |
| Plaintiff, | : |
| v. | : Civ. No. 14-214-RGA |
| ROBERT COUPE, et al., | : |
| Defendants. | : |

Jonathan D. Black, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 5, 2014
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Jonathan D. Black, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5). The Court screened the original Complaint, dismissed it, and gave Plaintiff leave to amend. (*See* D.I. 14). The Court proceeds to review and screen the Amended Complaint (D.I. 15) pursuant to 28 U.S.C. §1915(e)(2)(b) and § 1915A(a).

The Amended Complaint contains many of the same allegations as in the original complaint. For example, Plaintiff alleges that he suffers from several medical conditions and that his medications were unlawfully withheld from him by Defendants Corbette and Bailey. Plaintiff alleges that whites receive better outcomes in disciplinary proceedings than others. He also alleges unlawful conditions of confinement in that Defendant Mosely has denied him medically necessary shoes and long underwear. Plaintiff seeks injunctive and declaratory relief, as well as compensatory and punitive damages.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at

2

555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Amended Complaint cured some, but not all, of the numerous pleading defects discussed in the Court's July 21, 2014 Memorandum Opinion and Order. (*See* D.I. 9, 10). Similar to the original Complaint, the Amended Complaint does not indicate when the alleged violations of Plaintiff's constitutional rights occurred. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Plaintiff states no date for any of his factual allegations.

In addition, it again appears from the description of Defendants Robert Coupe, David Pierce, and James Scarbrough, that they are named as defendants based solely upon their supervisory positions. As is well established, supervisory liability cannot be

3

imposed under § 1983 on a respondeat superior theory.[1] *See Iqbal*, 556 U.S. 662; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[2] *See Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* In the present case, other than generalized statements, Plaintiff does not associate any of his allegations with the foregoing Defendants and Plaintiff provides no facts to support a claim against them.

Since it appears plausible that Plaintiff may be able to articulate a claim against the defendants (or name alternative defendants), Plaintiff will be given one final

---

[1] In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See* 556 U.S. at 669. The Supreme Court found the allegations facially insufficient. *See id.* at 676 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888), for proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties.").

[2] In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. *See Bayer v. Monroe County Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009).

4

opportunity to amend his pleading. See *O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007).

For the above reasons, the Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file a second amended complaint.

An appropriate order will be entered.