# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JONATHAN D. BLACK,                  :
                                    :
    Plaintiff,                      :
                                    :
                                    :
    v.                              : Civ. No. 14-214-RGA
                                    :
ROBERT COUPE, et al.,               :
                                    :
    Defendants.                     :
                                    :

Jonathan D. Black, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

# **MEMORANDUM OPINION**

April /0, 2015
Wilmington, Delaware

*signature*
**ANDREWS, U.S. District Judge:**

Plaintiff Jonathan D. Black, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5). The Court reviewed and screened the original Complaint, dismissed it, and gave Plaintiff leave to amend. (D.I. 3, 9, 10). Plaintiff filed an Amended Complaint. It was screened by the Court, and it was also dismissed. (D.I. 15, 16, 17). Plaintiff was given one final opportunity to file a second amended complaint to cure pleading defects. (D.I. 17). A Second Amended Complaint was filed on February 2, 2015. (D.I. 20). The Court proceeds to screen the Second Amended Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(a).

The Court has compared the original Complaint with the Amended Complaint and the Second Amended Complaint and finds that the original Complaint and the Second Amended Complaint are virtually identical. The one difference is that the Second Amended Complaint adds the allegation, "commencing June 7, 2013 [Plaintiff] filed [a] series of grievance[s] relating to medical and other issues, medical grievances denied after appeal processes, grievances relevant to all other issues in complaint returned by Cp. Mercer, Institution Grievance Chairperson being non-grievable." (D.I. 20 at 1). The remainder of the Second Amended Complaint alleges that Plaintiff suffers from several medical conditions and that he is in constant pain due to Defendants' deliberate indifference to his serious medical needs. He alleges unlawful conditions of confinement including overcrowding, the failure to provide shoes or long underwear, disciplinary punishment for the possession of medical materials, and interference with

medical treatment. Plaintiff seeks injunctive relief and compensatory and punitive damages.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Despite the opportunities to amend, Plaintiff failed to cure the pleading defects. Similar to the previous complaints, the Second Amended Complaint does not indicate the when, where, or who in connection with the alleged violations of Plaintiff's constitutional rights. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). In addition, Plaintiff named Defendants Robert Coupe, Vincent Carr, James Welch, David Pierce, James Scarbrough, Dr. Laurie Spraga, Ralph Bailey, and Jeanieu Mosely based upon their supervisory positions. As is well established, supervisory liability cannot be imposed under § 1983 on a *respondeat superior* theory. *See Iqbal*, 556 U.S. 662;

3

*Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose, rather than knowledge, is required to impose liability on an official charged with violations arising from his or her supervisory responsibilities.[1] *See Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* Other than generalized statements, Plaintiff does not associate any of his allegations with the foregoing Defendants, and Plaintiff provides no facts to support a claim against them.

With regard to Defendant Shannon L. Corbette, Plaintiff alleges that she cited him for illegal possession of health related objects that were prescribed by medical providers. To the extent Plaintiff alleges that disciplinary reports were false, they will be dismissed because "mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a [constitutional] claim." *Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002); *Thomas v. McCoy*, 467 F. App'x 94, 96 (3d Cir.), *cert. denied*, 132 S.Ct. 2752 (2012).

The allegations that speak to the filing of grievances beginning on June 7, 2013, and that the grievances were denied or returned as non-grievable are frivolous. The

---

[1]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. *See Bayer v. Monroe County Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009)

4

filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (not published). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *Winn v. Department Of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729). Therefore, the Court will dismiss the grievance claims against as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

For the above reasons, the Second Amended Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The Court finds amendment futile. Plaintiff was twice provided opportunities to correct his pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (the court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment.").

An appropriate order will be entered.